EDMUND REARDON *vs.* FANEUIL HALL INSURANCE COMPANY.

Suffolk.    Jan. 15. — May 7, 1883.    FIELD & W. ALLEN, JJ., absent.

A policy of insurance against loss by fire was issued, for the term of one year, upon a building described as occupied principally for making certain articles named, and contained a written clause stating that, in consideration of a sum named, "extra premium, permission given to work nights for four months from date ;" and also contained a printed condition that, if the property insured "be a manufacturing establishment, running in whole or in part over or extra time, or running at night without special agreement indorsed on this policy," the policy should be void.  In an action on the policy, it appeared that the building was destroyed by fire, in the night-time, within the term ; and that, after the expiration of four months from the date of the policy, the plaintiff had run his manufactory at night as well as by day.  *Held*, that the action could not be maintained.  *Held, also*, that oral evidence to show that similar establishments were usually run at night, that the plaintiff could not successfully and profitably carry on his business without working at night, and that the defendant's agent, who fixed the premium, knew these facts, was incompetent.

MORTON, C. J.    By the policy in suit, the defendant, "in consideration of the sum of thirty dollars," insures the plaintiff, for the term of one year from September 15, 1877, against loss or damage by fire, to the amount of $2000, on "one frame building occupied principally for making pearl butter, tallow, oil and stearine," situated in Cambridgeport.  The policy contains the written clause, that, "in consideration of $6.67, extra premium, permission given to work nights for four months from date."  Among the printed conditions of the policy is one that, if the property insured "be a manufacturing establishment, running in whole or in part over or extra time, or running at night without special agreement, indorsed on this policy, then this policy shall be void."

It appeared at the trial that the building insured was destroyed by fire on the night of July 10, 1878, and that, after the expiration of four months from the date of the policy, the plaintiff had run his manufactory at night as well as by day.  We are of opinion that the court rightly ruled that the plaintiff could not maintain his action.  The printed condition of the policy is plain and explicit, that if he ran the factory at night without special agreement indorsed on the policy, then the policy should be void.  The written stipulation, that, in consideration of $6.67, extra premium,

permission is given to work nights for four months from date, shows clearly that the parties so understood the printed clause, and that the intention was that the plaintiff could not work at night, after the expiration of four months from the date of the policy, without a new agreement and the payment of an extra premium. We cannot see that the two clauses together are fairly open to any other construction.

The parol testimony offered by the plaintiff, to show that similar establishments were usually run at night, that he could not successfully and profitably carry on his business without working at night, and that the defendant's agent, who fixed and received the premium, knew these facts, cannot enlarge or vary the contract into which he entered, or justify us in giving it a construction contrary to its plain meaning.

*Judgment on the verdict for the defendant.*

*J. H. Benton, Jr.,* (*J. W. Hammond* with him,) for the plaintiff.

*J. O. Teele,* for the defendant.